UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| JAMES R. BRUCE, and | ) | Case No. _____ |
| JESSICA BRUCE; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| BANK OF AMERICA, N.A. , and | ) | |
| | ) | AND |
| BAC HOME LOANS SERVICING, LP, and | ) | |
| | ) | DEMAND FOR JURY |
| | ) | TRIAL |
| 1-800-EAST – WEST MORTGAGE CORPORATION; | ) | |
| And | ) | |
| | ) | |
| COMMERCE BANK; and | ) | |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM | ) | |
| ("MERS") | ) | |
| | ) | |
| DOES 1 - 10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

1.  James R. Bruce and Jessica Bruce ("Plaintiffs") bring this suit to

challenge the failure of Defendants Bank of America, N.A. ("BOA") and BAC Home

Loans Servicing, LP. ("BAC Servicing"); 1-800-East – West Mortgage Corporation

("East – West"); and Mortgage Electronic Registration System ("MERS") (referred to

herein collectively as "Bank of America Defendants" and or "Defendants"). Plaintiffs

state that they were financially, emotionally, and physically injured by the failure of

Defendants to honor the terms of a written mortgage secured by their residential

property, which Plaintiffs entered into on November 30, 2006 to purchase their home

at 30 Valleywood Road, Hopkinton, County of Middlesex, Massachusetts 01748.

## PARTIES

2.   Plaintiffs James R. Bruce and Jessica Bruce are Massachusetts homeowners who

permanently reside in Middlesex County.

3.   Defendant Bank of America, N.A. ("BOA") is a national banking association

headquartered in Charlotte, North Carolina. BOA does business in the Commonwealth

of Massachusetts and other states throughout the country.

4.   Defendant BAC Home Loans Servicing, LP. ("BAC Servicing") is a wholly owned

subsidiary of BOA that services loans originated, acquired, and purchased by BOA,

including mortgage loans made to Massachusetts homeowners and homeowners in other

states. At all relevant times, BAC Servicing's conduct was approved, authorized,

enabled, and ratified by BOA. BAC Servicing is headquartered in Calabasas, California

and it also maintains a BAC Loan Servicing, LP's office in Plano, Texas.

5.   Defendant 1-800-East – West Mortgage Corporation ("East – West") is a mortgage

lender organized under the laws of Massachusetts. 1-800 East West Mortgage, Co. is

located at 171 Locke Drive, Marlborough, MA 01752 and in the regular course of

business makes loans to homeowners in Massachusetts which are secured by their

primary residences. It is owned by and operates as a wholly owned subsidiary of

Commerce Bank, a Massachusetts-chartered Bank.

6.   Defendant Mortgage Electronic Registration System, Inc. ("MERS"), is a privately

held company that operates an electronic registry designed to track servicing rights and

ownership of mortgage loans in the United States. MERS in turn is owned by a holding

company called MERSCORP, Inc. MERS is organized and existing under the laws of Delaware, and has an address of P.O. Box 2026, Flint, Michigan 48501-2016. In this transaction it acted solely as a nominee for the original Lender and the Lender's successors and assigns.

7. properly servicer their home mortgage and receive and apply their mortgage payments to amortize their mortgage and prevent foreclosure and damage to their credit

## JURISDICTION

8. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because the action is between parties that are citizens of different states and the amount in controversy between the named plaintiff and the defendants is greater than $75,000. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006). Bank of America is, on information and belief, a citizen of North Carolina. Plaintiffs are citizens of Massachusetts. BAC Loan Servicing, LP's main office is in Plano, Texas.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the unlawful practices are alleged to have been committed in this District, Defendants regularly conducts business in this District, and the named Plaintiffs reside in this District.

## FACTUAL BACKGROUND

### *Creation of the Home Mortgage and Rapid Pay-off*

37.    On November 30, 2006, Plaintiffs purchased their home with a

$380,000 mortgage financed through James R. Bruce and Jessica Bruce have owned 30 Valleywood Road, Hopkinton, Massachusetts since November 30, 2006. At the time that the Bruces purchased the property, they took out a $380,000.00 mortgage loan (hereinafter the "Mortgage Loan") from 1-800-EAST-WEST MORTGAGE CO. of 84 Newbury Street, Peabody, Massachusetts 01960.

38.     Plaintiffs decided to rapidly pay-off this mortgage well ahead of its scheduled pay-off date of December 1, 2036.

39.     In the years between November 30, 2006 and December 28, 2009, the Plaintiffs consistently paid their mortgage on time and maintained an "As Agreed" payment record with the three major credit reporting agencies.

40.     On December 28, 2009, Plaintiffs tendered to BOA the final payment due under this mortgage in the sum of $30,233.77, by official bank check. This final payment represented "Payment In Full" of this mortgage (See Plaintiffs' Exhibit 1, attached).

41.     Although BOA promptly negotiated this bank check on 12/28/2009, they failed to properly credit Plaintiffs' mortgage account with this sum.

42.     BOA continued to wrongfully bill Plaintiffs and initiated wrongful debt collection procedures against them during the period between December 28, 2009 and July 22, 2010at which time BOA recorded a Discharge of Mortgage in the Middlesex County Registry of Deeds at Book 5530, Page 12 (See Plaintiffs' Exhibit 2, attached)

## COUNT I
### *Breach of Contract*

43.     Plaintiff repeats and re-alleges every allegation above as if set forth

herein in full.

44.    Plaintiff allege  that BOA's misappropriation of their mortgage payments as stated above breach their mortgage contract.

45.    As described above, the TPP Agreement sent by Defendant to Plaintiffs constitutes a valid offer.

## COUNT II

### *Breach of the Implied Covenant of Good Faith and Fair Dealing*

90.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

91.    Plaintiffs bring this claim on their own behalf.

92.    Defendants are obligated by contract and common law to act in good faith and to deal fairly with a borrower.

93.    "[T]he purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp*., 441 Mass. 376, 385 (2004).

94.    Defendant routinely and regularly breaches this duty by:

   a.    failing to properly credit payment sums tendered by Plaintiffs to be applied to their mortgage;

   b.    failing to properly supervise its agents and employees including, without limitation, its loss mitigation and collection personnel and its foreclosure attorneys;

   c.    making inaccurate calculations and determinations of Plaintiffs' mortgage liability;

   d.    misapplying Plaintiffs' mortgage payments to the wrong accounts;

    e.      failing to follow through on written and implied promises;

    f.      failing to follow through on contractual obligations; and

    g.      Threatening to foreclose on a mortgage loan for which they had already been paid in full.

95.    These actions constitute bad faith by the Defendants.

96.    On information and belief, the Defendant financially benefits from its breaches in a variety of way, including but not limited to: receiving compensation based on the total amount of assets under management, which would include the homeowners that are making payments which are not being properly applied to their loans.

## COUNT III

### *Negligence*

97.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

98.    Plaintiffs bring this claim on their own behalf.

99.    Plaintiffs allege that Defendants had a duty to them to exercise care in the receipt and proper processing of their mortgage payments over the life of their mortgage loan.

100.    Plaintiffs allege that Defendants breached this duty of care owed to them by wrongfully crediting their tendered payments and applying them towards other mortgages which BOA serviced.

## COUNT IV

## FAIR DEBT COLLECTION PRACTICES ACT

### (15 U.S.C. SECS. 1692-1692P)

101.    **THE LAW**: **FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692e)**

102.    Plaintiffs  repeat and re-allege every allegation above as if set forth herein in full.

103.    Plaintiffs bring this claim on their own behalf.

104.    Plaintiffs allege that BOA's threats and harassing telephone calls to Plaintiffs constituted willful violations of  in violation of FDCPA. FDCPA prohibits certain practices by third party debt collectors (and their principals and collaborators) when attempting to collect certain consumer debts. The FDCPA strictly prohibits false or misleading representations when creditors or debt collectors communicate with debtors about disputed debts. BOA threatened to foreclose on Plaintiffs mortgage loan after it had been paid in full. This BOA could not legally do. BOA consistently made harassing debt collection phone calls to Plaintiffs for more than nine months after their mortgage loan had been paid in full. This violated FDCPA.

## COUNT V

### FAIR CREDIT REPORTING ACT
### ("FCRA", 15 U.S.C. § 1681 et seq)

105.    Plaintiffs  repeat and re-allege every allegation above as if set forth herein in full.

106.    Plaintiffs bring this claim on their own behalf.

107.    Plaintiffs allege that BOA reported to the major credit reporting agencies that Plaintiffs did not pay this home mortgage "AS Agreed". These reports were

7

inaccurate and not true. This violated **FCRA**.

108.    As a direct result of BOA erroneous and wrongful credit reporting,
Plaintiffs' credit scores which have traditionally been in the high "700's", were severely
damaged. Plaintiff's have subsequently been denied credit when applying for credit cards
and other loans. BOA also severely reduced Plaintiffs' equity line citing negative items on
Plaintiffs' credit report which were the direct result of BOA's wrongful and injurious
actions as sated above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a.    Enter a judgment declaring that the acts and practices of
Defendants complained of herein constitute a breach of contract and a breach of the
covenant of good faith and fair dealing.

b.    Enter a judgment declaring that the acts and practices of
Defendants complained of herein constitute a a violation of FDCPA and FCRA and
award Plaintiffs statutory damages under both acts along with their costs and Attorneys
fees.

c.    Award Plaintiffs such other damages as proven at trial.

d.    Award Plaintiffs treble or punitive damages.

e.    Award Plaintiffs Attorney's fees and costs.

f.    Grant Plaintiffs such other and further relief as this Court finds necessary
and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiffs,
By Their Attorneys,

*/s/Warren E. Wood*

Law Office of Warren E. Wood, Llc.
BBO#533680
60 Thoreau Street, 190
Concord, MA 01742
508.265.1092
Fax: 443.583.0211
woodattys@yahoo.com

Dated: April 7, 2011